UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ROBERT ROGERS,

    Plaintiff,
vs.

AETNA LIFE INSURANCE COMPANY,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, Robert Rogers ("ROGERS"), by and through the undersigned counsel, hereby sues Aetna Life Insurance Company ("AETNA") and alleges:

## PRELIMINARY ALLEGATIONS

1.     "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under and employee benefit plan regulated and governed under ERISA. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, pre-judgment and post-judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2.     ROGERS was at all times relevant a plan participant under the Advance Sores Company, Inc. Group Long Term Disability Policy, Group No.: GP-885663 ("LTD" Plan).

3.     Defendant, AETNA, is a corporation with its principal place of business in the

State of Connecticut, authorized to transact and transacting business in the Southern District of Florida, maintain a claims processing office in Broward County. AETNA is the insurer of benefits under the Advance Stores Company, Inc. LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, AETNA administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The AETNA LTD Plan are employee welfare benefit plans regulated by ERISA, established by Advance Stores Company, Inc. under which ROGERS was a participant, and pursuant to which ROGERS is entitled Long Term Disability benefits ("LTD benefits").

5. Pursuant to the terms and conditions of the LTD Plan, ROGERS is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as ROGERS remains disabled as required under the terms and conditions of the LTD plan.

6. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, AETNA, is authorized to and is doing business within the Southern District of Florida and the final denial of benefits occurred in this jurisdiction.

### CLAIM FOR LONG TERM DISABILITY BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

7. ROGERS incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, ROGERS was an employee or former employee of Advance Stores Company, Inc. and a plan participant under the terms and conditions of the LTD Plan.

9. During the course of ROGERS's employment, ROGERS became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while ROGERS was covered under the LTD Plan, ROGERS suffered a disability, the nature of which due to privacy

concerns is set forth in detail in the administrative record, rendering him disabled as defined under the terms of the LTD Plan.

10. Prior to filing for disability ROGERS was employed as a Loss Prevention Manager for Advance Stores Company, Inc.

11. The AETNA LTD Policy defines Disability to mean: From the date that you first become disabled and until Monthly Benefits are payable for 24 months, you will be deemed to be disabled on any day if: (1) you are not able to perform the material duties of your own occupation solely because of: disease or injury; and (2) your work earnings are 80% or less of your adjusted predisability earnings. After the first 24 months that any Monthly Benefit is payable during a period of disability, you will be deemed to be disabled on any day if you are not able to work at any reasonable occupation solely because of disease; or injury. If your own occupation requires a professional or occupational license or certification of any kind, you will not be deemed to be disabled solely because of the loss of that license or certification.

12. Reasonable Occupation is defined to mean: gainful activity for which you are, or may reasonably become, fitted by education, training or experience and which results in or can be resulted in, an income of more than 80% of your adjusted predisability earnings.

13. Pursuant to the terms of the LTD Plan, ROGERS made a claim to AETNA for benefits under the LTD Plan with a date of disability of March 19, 2014, with an effective date of LTD Benefits of October 2, 2014.

14. On or about August 8, 2014, AETNA advised ROGERS that it was approving his claim for LTD Benefits after determining he was not able to perform he material duties of his "own occupation" due to his medical conditions.

15. On or about October 2, 2016, AETNA determined that ROGERS was disabled

under the "reasonable occupation" standard of disability on account of his chronic medical conditions.

16. As of October 2, 2016, ROGERS'S claim has been under the "reasonable occupation" standard of disability.

17. AETNA performed video surveillance of ROGERS on November 2, 10-11, 2020, and December 5,27, 2020.

18. On December 11, 2020, the Social Security Administration notified ROGERS that it had deemed him disabled under its standards effective September 26, 2017.

19. In response to the video surveillance AETNA conducted an interview with ROGERS on February 5, 2021, to obtain additional information as to his ongoing medical restrictions and limitations.

20. On April 6, 2021, AETNA sent ROGERS for an Independent Medical Examination (IME).

21. The IME doctor determined that ROGERS had physical residual ability for work.

22. AETNA in turn conducted a Vocational Analysis to identify alternate occupations that ROGERS may be able to perform.

23. On May 26, 2021, approximately six years and eight months after the start of his LTD claim, AETNA advised ROGERS that it was terminating his LTD Benefits.

24. On September 9, 2021, ROGERS submitted his administrative appeal, which included medical information in support of continued disability along with a copy of his Social Security Claim File.

25. During the review of ROGERS appeal, AETNA had his file reviewed by two peer review physicians.

26. On November 11, 2021, AETNA advised ROGERS that it was upholding the denial of his claim for LTD Benefits.

27. ROGERS has exhausted all administrative remedies.

28. AETNA breached the LTD Plan and violated ERISA in the following respects:

    a. Failing to pay LTD benefits to ROGERS at a time when AETNA and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as ROGERS was disabled and unable to work and therefore entitled to benefits.

    b. After ROGERS's claim was denied in whole or in part, AETNA failed to adequately describe to ROGERS any additional material or information necessary for ROGERS to perfect her claim along with an explanation of why such material is or was necessary.

    c. AETNA failed to properly and adequately investigate the merits of ROGERS's disability claim and failed to provide a full and fair review of ROGERS's claim.

29. ROGERS believes and alleges that AETNA wrongfully denied his claim for LTD Benefits under the LTD Plan by other acts or omissions of which ROGERS is presently unaware, but which may be discovered in this future litigation and which ROGERS will immediately make AETNA aware of once said acts or omissions are discovered by ROGERS.

30. As a proximate result of the aforementioned wrongful conduct of AETNA under the LTD Plan, ROGERS has damages for loss of disability benefits in a total sum to be shown at the time of trial.

31. As a further direct and proximate result of this improper determination regarding

ROGERS's claims for benefits, ROGERS, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), ROGERS is entitled to have such fees and costs paid by AETNA.

32. The wrongful conduct of AETNA has created uncertainty where none should exist; therefore, ROGERS is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, Robert ROGERS prays for relief against the Aetna Life Insurance Company as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to be paid in full under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: February 8, 2022.

                                              ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

   /s/ *Stephen F. Jessup*_____
STEPHEN F. JESSUP, ESQUIRE
Florida Bar No.: 0026264
Email: stephen@diattorney.com